**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| |
|---|
| BRIDGETON LANDFILL, LLC, |
| Plaintiff, |
| v. |
| MALLINCKRODT LLC and EVERZINC USA, INC. |
| Defendants. |

Civil Action No. 1:19-mc-540-GBD-GWG

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, that the terms and conditions of this Stipulated Protective Order shall govern the handling of all documents designated as "Confidential" by any party in the above-styled miscellaneous action (this "Miscellaneous Action").

IT IS HEREBY ORDERED as follows:

1. As used herein, "confidential material" refers to information or documents produced during the course of this Miscellaneous Action that a party in good faith reasonably believes might be injurious to that party's business interests and includes: (a) material of any type, kind, or character that meets the requirements of Fed. R. Civ. P. 26(c)(1), whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise; (b) a trade secret or confidential research, development, business, or

1

commercial information that would not normally be revealed to another as set forth in Fed. R. Civ. P. 26(c)(1)(G); or (c) other information required by law to be kept confidential, *e.g.*, HIPAA-protected information. The designation of any material as "Confidential" shall represent that the party producing the material or documents (the "Producing Party") has actually reviewed the material in light of the requirements of Fed. R. Civ. P. 26 and has made a good faith determination that any such material so designated is indeed confidential or subject to protection under Federal Rule 26.

    2.    This Order shall be applicable to and govern all confidential material produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter.

    3.    Confidential material shall be used by any recipient solely for the purpose of conducting this Miscellaneous Action or the action captioned *Bridgeton Landfill, LLC v. Mallinckrodt LLC and EverZinc USA Inc.*, Case No. 4:18-cv-01800-SRC, in the United States District Court for the Eastern District of Missouri (the "Litigation" or the "Action" and, together with the Miscellaneous Action, the "Matters") and not for any other purpose whatsoever.

    4.    Confidential material may be disclosed only to the following persons:

        a.    this Court, or any other court exercising jurisdiction with respect to the Action or the Miscellaneous Action, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel, court reporters, videographers and translators) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Action;

  b. any person designated by the Court or the Eastern District of Missouri Court in the Action upon such terms as such Court may deem proper;

  c. the attorneys working on this Miscellaneous Action or the Action on behalf of any party, including in-house attorneys, paralegals, legal assistants, and stenographic and clerical employees working under the direct supervision of such attorney;

  d. a person, not employed by a party, acting in the capacity of an independent contractor, expert, and/or consultant, who is expressly retained or sought to be retained by any attorney described in paragraph 4(c) to assist in pursuing the Miscellaneous Action or preparation of the Action for trial, with disclosure only to the extent necessary to perform such work and only upon signing and agreeing to abide by the attached ACKNOWLEDGMENT;

  e. any party, director, officer, employee, or independent contractor who has worked on the West Lake Landfill and/or who is required to work directly on this Miscellaneous Action or the Litigation, with disclosures only to the extent necessary to perform such work;

  f. any director, former director, officer, former officer, employee or former employee of Republic Services, Inc., or Bridgeton Landfill, LLC, or corporation, partnership, or other legal entity, including parent, subsidiary or sister entities, whose duties and responsibilities of employment involved matters relevant to the claims or defenses in this Miscellaneous Action or the Litigation;

  g. any person who has been designated as a Rule 30(b)(6) witness by the Producing Party;

  h. case evaluators, mediators, and facilitators, including all persons employed by such case evaluators, mediators, and facilitators;

  i. persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors, including any assistants and/or mock jurors that professional jury or trial consultants may employ, retained by outside counsel for a party;

  j. any witness who has authored or received the confidential material, or otherwise had been provided access to the confidential material prior to its production in the Litigation or the Miscellaneous Action;

  k. insurers, reinsurers, insurance adjusters, and/or third party administrators of insurance policies held by a party; and

  l. any other person that the Producing Party has consented in writing may have access to the confidential material.

 5. The persons described in paragraph 4 shall have access to the confidential material once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the attached ACKNOWLEDGMENT. The persons receiving confidential material are enjoined from disclosing it to any other person, except in conformance with this Order.

6. The recipient of any confidential material that is provided under this Order shall maintain such information as confidential in accordance with the ACKNOWLEDGMENT attached to this Stipulated Protective Order.

7. The parties shall designate confidential materials as follows:

a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "Confidential" or such other legend on which the parties mutually agree. If a party inadvertently produces a document containing confidential material without marking it as such, it may be disclosed to others until the party to which it is produced is informed in writing of the error, after which it shall be treated as if it had been timely designated. Also, once designated as confidential material, the party who received the material must notify any other individual to whom it has provided the confidential material of the change in designation and ensure that each such individual has signed the attached ACKNOWLEDGMENT;

b. In the case of depositions, designation of the portion of the transcript, or the entire transcript (including exhibits), which contains confidential material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose confidential material the deponent has had access. Review of transcripts by counsel shall occur within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing confidential material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties

so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed confidential material. The party disclosing confidential material shall have the right to exclude from attendance at the deposition during such time as the confidential material is to be disclosed any person not described in paragraph 4. Any party or third party may also designate information disclosed at such depositions as confidential by notifying all the parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as confidential thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control;

   c. In the event the Producing Party elects to produce documents and things for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of initial inspection, all such unmarked documents within the produced files will be considered as marked "Confidential." Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain confidential material with the "Confidential" marking or such other legend as the parties otherwise agree upon at the time the copies are produced to the inspecting party; and

   d. Documents or transcripts of depositions will not be filed with the Court or the Eastern District of Missouri Court unless it is necessary to do so for purposes of trial, motions for summary disposition, class certification briefing, appeal, motion practice related to discovery disputes, adding claims and/or parties to the Action or other

6

matters. If a party intends to file with the Court or with the Eastern District of Missouri Court a document or deposition transcript that contains confidential material, the filing party shall apply to the Court where such filing is intended to be made—in accordance with the Local Rules of such Court and any Individual Rules or Practices of the judge or magistrate judge presiding over the matter in which the filing is intended to be made—for permission to file the document under seal or, in the case of a deposition transcript, to file all pages of the deposition transcript designated as containing "Confidential" material pursuant to paragraph 7(b) under seal.

8.  If a party objects to the designation of material as confidential, that party shall have the opportunity to challenge the confidential designation by submitting its objection in writing and stating its basis for the objection. The parties must then meet and confer within ten (10) business days in a good faith effort to resolve the objection. If the parties are unable to resolve the objection or if the parties do not meet within ten (10) business days, the party contesting the designation can contest the designation by making a direct application to the Court in accordance with the Court's Individual Practices. The party designating the confidential material (the "Designating Party") shall have the burden of establishing the propriety of the designation as "Confidential" for such information. If no such application is made, the information shall be treated as confidential material. Material designated as "Confidential" should be treated as such unless otherwise ordered by the Court.

9.  Nothing in this Order shall preclude any party to the Action or the Miscellaneous Action or their attorneys from: (a) showing a document designated as

7

confidential material to any individual who either prepared or reviewed the document prior to the filing of the Action or the Miscellaneous Action; or (b) disclosing or using, in any manner or for any purpose, any information or documents which that party has produced, including information or documents which the party itself has designated as confidential material.

10. <u>Filing materials with the Court</u>. Any material that is filed with the Court under seal, in accordance with the Local Rules and Individual Practices of the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Stipulated Protective Order. The party filing any paper under seal pursuant to a Court Order granting an application to seal shall file such paper as a sealed document electronically through the Court's ECF system, in conformity with the ECF Rules and Instructions, Section 6, and in accordance with the Court's Individual Practices. Alternatively, if the document is too large to file electronically on ECF, it shall be filed in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONFIDENTIAL — FILED UNDER SEAL PURSUANT TO ORDER OF THIS COURT. The party filing material under seal shall publicly file a "Notice of Service of Document Containing Information Designated as Confidential" citing the Court order granting the application to file such document under seal and the designation by the Producing Party as the basis for the Notice. Contemporaneous with filing the Notice, the filing party will serve the papers on all parties. At the conclusion of this action, any

materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in paragraph 15, *infra*.

11. If a party in possession of confidential material designated "Confidential" is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such party (the "Subpoenaed Party") shall, within two (2) business days of receipt of the request, give prompt written notice to counsel for the Designating Party, identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court with jurisdiction over the matter, or such Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Upon a ruling from such Court on the objections, the Subpoenaed Party, or any party, is not required to challenge or oppose any court order requiring production of the designated information and is not required to subject itself to the risk of sanctions or penalty arising from non-compliance with any such court order.

12. In the event of disclosure of any confidential material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately take all reasonable measures

to ensure that no further unauthorized disclosure or use of such information or materials is made and to obtain the return or destruction of all improperly disseminated copies of such materials.

13. <u>Inadvertent Failure to Designate as Confidential</u>. Inadvertent failure to designate any material which a Producing Party claims should be confidential material will not be deemed a waiver of the right to make that designation and shall in no way prejudice the Producing Party. Upon receiving notice of such failure to designate, all parties that have received material (the "Receiving Parties") shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed confidential material. No party shall be held in breach of this Order if, prior to notification of such later designation, such confidential material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Parties shall return or certify the destruction of the undesignated confidential material and not use documents or information which was inadvertently produced. However, the Receiving Party may challenge the new confidential material designations consistent with the procedures outlined above.

14. <u>Inadvertent Production of Privileged Documents</u>. Inadvertent production of any document produced in this Miscellaneous Action by any party or person, that such party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Privileged Document" or "Clawed Back Document"), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific

information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters. Consistent with the intent of this stipulation, the parties agree to seek entry of an order as provided for under Fed. R. Evid. 502(d). A party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document may notify any party that received the document(s) and state the basis for the privilege. Within ten (10) days of being notified, any Receiving Party must return, sequester, or destroy the specified document(s) and any copies it has, with the sole exception that a copy may be kept for purposes of challenging the propriety of the newly asserted privilege. Counsel shall make its best efforts to redact or remove references to the Clawed Back Document in any existing work product. The Producing Party must retain a copy of the document until the resolution or termination of this case. Within ten (10) days of the Producing Party's request for return or destruction of the Inadvertently Produced Privileged Document(s), the Producing Party shall provide a privilege log identifying the Inadvertently Produced Privileged Document(s). After a Clawed Back Document is returned, sequestered, or destroyed pursuant to this paragraph, a party may move the Court for an order compelling production of the Clawed Back Document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production.

15.     After termination of the Action and this Miscellaneous Action, the Producing Party may serve a written request to the Receiving Party that all confidential material, and all copies thereof, shall be returned by each party's counsel to the party which produced the material or the material shall be destroyed. Upon receiving a written

request from the Producing Party, the Receiving Party must return or destroy all confidential material and provide written confirmation of same within sixty (60) days of receiving the written request. Notwithstanding the foregoing, the parties shall be entitled to retain copies of court papers (and exhibits thereto), pleadings, deposition and trial and hearing transcripts (and exhibits thereto), expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail, and attachments thereto), and attorney work product that contain, include, incorporate, attach, or refer to confidential material, provided that the terms of this Protective Order will continue to govern any such retained materials.

16. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

17. The parties may amend the terms of this Stipulated Protective Order by agreement signed by counsel for all parties to this Miscellaneous Action.

18. The plaintiff in the Action shall (a) file in the Action a notice of the entry of this Stipulated Protective Order in this Miscellaneous Action, together with a copy of this Stipulated Protective Order, (b) take all steps reasonably necessary to seek the approval and entry of this Stipulated Protective Order or a substantially similar protective order in the Action and (c) comply with the procedures set forth in Paragraphs 7(d) and 10 to use or disclose in the Action or otherwise documents or information designated as confidential under this Stipulated Protective Order.

| | |
|---|---|
| William G. Beck (admitted pro hac vice)<br>Allyson E. Cunningham (admitted pro hac vice)<br>LATHROP GAGE LLP<br>2345 Grand Boulevard, Suite 2200<br>Kansas City, Missouri 64108-2618<br>Tel: (816) 292-2000<br>Fax: (816) 292-2001<br>wbeck@lathropgage.com<br>acunningham@lathropgage.com | Daniel S. Weinberger<br>GIBBONS P.C.<br>One Pennsylvania Plaza, 37th Floor<br>New York, New York 10119<br>Tel: (212) 613-2000<br>dweinberger@gibbonslaw.com<br><br>*Attorneys for Respondent Citigroup Inc.* |

George T. Wu, Ph.D
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 920-3324
Fax: (312-920-3301

*Attorneys for Petitioner*
*Bridgeton Landfill, LLC*

Dated: February ____, 2020

Dated: February 24, 2020

SO ORDERED:

_____

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that s/he has read the STIPULATED PROTECTIVE ORDER which was signed by the Court in *Bridgeton Landfill, LLC v. Mallinckrodt, et al.*, No. 1:19-mc-540-GB-GWG (S.D.N.Y.) on _____, 2020, that s/he is one of the persons contemplated in paragraph 4 thereof as authorized to receive disclosure of material designated "Confidential" by any of the parties, and that s/he fully understands and agrees s/he is subject to the terms of the STIPULATED PROTECTIVE ORDER, and agrees to abide by the obligations and conditions of the terms thereof. The undersigned agrees: (a) to maintain all material disclosed to him/her which has been designated "Confidential" and to refrain from directly or indirectly disclosing such material to any other person without the express written consent of the parties to said action or their respective counsel, (b) to take all reasonable precautions necessary to prevent inadvertent dissemination of such material to any other person, and (c) to otherwise comply with all of the terms of the Stipulated Protective Order.

_____
So Acknowledged

_____
Date