UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIDGETON LANDFILL, LLC<br><br>        Plaintiff,<br><br>vs.<br><br>MALLINCKRODT LLC AND EVERZINC USA, INC.<br><br>        Defendants. | Civil Action No. 1:19-mc-00540<br><br>Reply in Support of Motion to Compel Production of Documents Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i) |

  Petitioner Bridgeton Landfill, LLC ("Bridgeton") respectfully asks this Court to order Respondent Citigroup, Inc. ("Citigroup") to produce all key documents in its control that respond to Request Nos. 19 and 22 of Bridgeton's subpoena[1]—*i.e.*, the most pertinent documents showing what happened to the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. upon and after its dissolution in December 2007. After 13 months, Citigroup has produced just a single document that is responsive to Request Nos. 19 and 22. That lone page does not identify with certainty the Citigroup entity that received the assets of Associates/Trans-National Leasing, Inc. upon its dissolution on December 19, 2007. Nor does it show where the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. reside within the Citigroup corporate structure today.

  Citigroup has no legal basis for withholding the requested documents that it clearly has in its possession, custody or control. Its strategy is simply to delay—as long as possible—providing Bridgeton with the information needed to name the proper Citigroup subsidiary as a defendant in the related CERCLA lawsuit pending in the U.S. District Court for the Eastern

---

[1] The subpoena and its rider are Exhibit A to Bridgeton's Memorandum of Law in Support of its Motion to Compel the Production of Documents Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i). (Doc. 2-1). Request Nos. 19 and 22 can be found at pp. 4-5 of Doc. 2-1.

32397598v.2

District of Missouri. District Judge Stephen R. Clark wants that case to finally move forward, and directed Bridgeton to file this motion and aggressively pursue the requested discovery. This game of cat-and-mouse has gone on long enough. The Court should order Citigroup to produce ***all key documents*** showing what happened to the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. ***upon <u>and after</u>*** its dissolution on December 19, 2007 so this miscellaneous action can be dismissed and the related litigation can finally move forward with all necessary parties.

I.   ARGUMENT

    A.   <u>The Court Should Grant Bridgeton's Motion to Compel</u>

Citigroup has no legal basis for withholding any other key documents in its possession, custody or control that show what happened to the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. upon and after its dissolution on December 19, 2007. It does not dispute the documents Bridgeton seeks are directly relevant to Bridgeton's claims in the related CERCLA lawsuit, and it does not argue the requested documents are not proportional to the needs of the case.[2] (*See* Doc. 20). *Malibu Media, LLC v. Doe*, No. 18CV5611 (DLC), 2018 WL 6011615, at *2 (S.D.N.Y. Nov. 16, 2018) (explaining that subpoenas are subject to the relevance requirements of Fed. R. Civ. P. 26(b)(1)). Instead, it argues the lone confidential document it produced on February 27, 2020, is sufficient to show what happened to the assets,

---

[2] As explained in its opening Memorandum of Law, in April 2019, Bridgeton agreed to narrow its requests to just those key documents showing what happened to the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. upon and after its dissolution on December 19, 2007, because those are the documents needed to identify the current Citigroup subsidiary (or subsidiaries) with successor liability for the West Lake Landfill Superfund Site in St. Louis, Missouri. (Doc. 2 at pp. 6, 8-9). Publicly-available records show that Associates/Trans-National Leasing, Inc. was liable under CERCLA for the West Lake Landfill Superfund Site because it was the legal successor to Commercial Discount Corporation, the entity that owned, possessed and disposed of the very hazardous substances that came to be disposed of in the West Lake Landfill Site. (Doc. 2 at pp. 3-5). Publicly-filed documents show that Citigroup dissolved Associates/Trans-National Leasing, Inc. in 2007, but there is no publicly-available information that shows which Citigroup subsidiary received the assets and business of Associates/Trans-National Leasing, Inc. upon dissolution.

2

premises, employees and business of Associates/Trans-National Leasing, Inc. upon its dissolution. Citigroup further argues, to the extent Bridgeton demands additional information, the subpoena is unduly burdensome because it was not directed to the immediate parent corporation of Associates/Trans-National Leasing, Inc. "or, at a minimum, not to the entity most likely to possess reasonably retrievable, responsive documents or information." (Doc. 20 at p. 2). Both arguments are unavailing and should be rejected out of hand.

**The single-page document Citigroup produced does not conclusively identify the entity that received the assets of Associates/Trans-National Leasing, Inc. after its dissolution.**

After this Court entered the parties' stipulated protective order on February 27, 2020, Citigroup finally produced a one-page tax form related to the dissolution of Associates/Trans-National Leasing, Inc. under Internal Revenue Code § 332.[3] While the form provides the name of the "common parent" at the time of dissolution, it is unclear from the face of the document whether the assets of Associates/Trans-National Leasing, Inc. were distributed to that "common parent." Citigroup did not provide Bridgeton with a certified copy of the resolution or plan of dissolution that is supposed to be attached to the form (as indicated by the bold typing in the middle of the IRS's form). And, although the form indicates Associates/Trans-National Leasing, Inc.'s final tax return was filed as part of a consolidated tax return, Citigroup did not provide Bridgeton with that final tax return, the parent corporation's tax return for the tax year ended December 31, 2007 or any portion of the consolidated tax return that would have included Associates/Trans-National Leasing, Inc.'s or the parent corporation's information for the 2007 tax year. Similarly, Citigroup did not provide Bridgeton with a copy of the statement the parent corporation is required to submit to the IRS under Treasury Regulation § 1.332-6 when it

---

[3] 26 U.S.C. § 332.

completely dissolves a subsidiary.[4]  At a minimum, Citigroup should be ordered to produce these records related to the tax document it produced.

However, the fact that Citigroup found this lone tax document related to the dissolution of Associates/Trans-National Leasing, Inc. and the fact that it has repeatedly asserted Bridgeton should re-issue its subpoena to the correct entity if it wants more information begs the question what other documents Citigroup has located but refused to turn over.  Confidentiality is not a concern as the Court has entered a stipulated protective order negotiated by the parties.

> **1.      Citigroup must produce the key documents related to the dissolution of Associates/Trans-National Leasing, Inc. because it controls the subsidiary that received the assets of that entity.**

Citigroup's assertion that Bridgeton should re-issue its subpoena to Associates First Capital Corporation or the entity identified on the recently produced confidential document is nothing more than a stall tactic.  It is also contrary to well-established law.  Bridgeton is tired of playing this corporate shell game.

At the time Bridgeton issued the subpoena to Citigroup, it could not know that Associates First Capital Corporation was the direct parent corporation of Associates/Trans-National Leasing, Inc. when the latter was dissolved. (Doc. 20 at 2).  Citigroup's 2006 10-K lists the companies "principal subsidiaries" in alphabetical order.  It does not provide any chart depicting Citigroup's corporate structure.  In fact, Bridgeton needs the subpoenaed documents to understand: (1) where Associates/Trans-National Leasing, Inc. fit into Citigroup's corporate structure; (2) which entity received its assets, premises, employees and business upon its dissolution; and (3) where those assets currently reside.  It cannot independently obtain that

---

[4] 26 C.F.R. § 1.332-6.

32397598v.2

information from other sources because such information is not required to be made publicly-available.

The argument that Bridgeton should direct a new subpoena to Associates First Capital Corporation or the entity identified on the recently produced document is intended to delay this process further. Based on recent experience, Associates First Capital Corporation would object to the subpoena, the parties would meet and confer multiple times (with limited success), Associates First Capital Corporation would take its time in producing the relevant documents after seeking multiple extensions and ultimately the parties would end up back in this Court arguing over whether the documents that were produced are adequate for purposes of identifying the correct subsidiary to add to the case pending in the U.S. District Court for the Eastern District of Missouri.

As the ultimate parent company, Citigroup, Inc. has the requisite control over the entity that holds the key documents showing what happened to the assets of Associates/Trans-National Leasing, Inc. and can compel that entity to produce the records. Under Fed. R. Civ. P. 45, a non-party may be required to produce materials in its "possession, custody or control." *Dietrich v. Bauer*, No. 95 CIV. 7051 (RWS), 2000 WL 1171132, at *2 (S.D.N.Y. Aug. 16, 2000), *on reconsideration in part*, 198 F.R.D. 397 (S.D.N.Y. 2001). Courts construe the term "control" broadly as the legal right, authority or practical ability to obtain the materials sought. *Id.* at *3 (citations omitted). Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary such that it must be deemed to have control over documents located with that subsidiary. *Id.* (citations omitted). That principle also applies where the subsidiary is not owned directly but, rather, is owned by an intermediate

corporation that is itself a wholly-owned corporation of the parent corporation. *Id*. (citation omitted).

Here, Citigroup certainly controls Associates First Capital Corporation, which is identified as a "principal subsidiary" on Citigroup's most recent 10-K for the year ended December 31, 2019. It also likely controls the entity identified on the recently produced confidential document since that entity is still active according to Delaware Secretary of State records. Regardless of which entity has the documents requested, Citigroup, as the holding company at the top of the corporate chain, can produce the key documents showing what happened to the assets, premises, employees and business of Associates/Trans-National Leasing, Inc. upon and after its dissolution on December 19, 2007. It is simply choosing not to in order to further delay litigation against its subsidiary.

In short, Citigroup has failed to establish lack of access over the requested documents or undue burden. It does not point to specific subpoenaed documents over which it lacks control. *In re Application of Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016) (finding respondent failed to demonstrate lack of access over subpoenaed documents or undue burden). It does not present particularized evidence in its briefing explaining why searching for the requested documents is unduly burdensome or costly. *Id*. This Court should reject Citigroup's form over substance argument and order Citigroup to produce the key documents in its control that respond to Request Nos. 19 and 22.

**II.     CONCLUSION**

For the reasons stated herein, Bridgeton respectfully requests that the Court order Citigroup to promptly produce the documents requested in Request Nos. 19 and 22 of the subpoena served on it, and for such other further relief the Court deems appropriate.

Dated: March 13, 2020                      LATHROP GPM LLP

By: *S/ Sarah E. Lintecum*
George T. Wu, Ph. D
155 North Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312.920.3324
Telecopier: 312.920.3301
george.wu@lathropgpm.com

William G. Beck (admitted *pro hac vice*)
Allyson E. Cunningham (admitted *pro hac vice*)
Sarah E. Lintecum (admitted *pro hac vice*)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:      (816) 292-2000
Telecopier:     (816) 292-2001
william.beck@lathropgpm.com
allyson.cunningham@lathropgpm.com
sarah.lintecum@lathropgpm.com

Attorneys for Plaintiff
Bridgeton Landfill, LLC in Case No.
4:18-cv-01800 (E.D. Mo.)

32397598v.2

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2020, a copy of the foregoing Reply in Support of Motion to Compel Production of Documents was filed with the Clerk of the United States District Court for the Southern District of New York via ECF, and a copy was also served electronically and by U.S. Mail on the following known counsel of record for Citigroup Inc.:

Daniel S. Weinberger
Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Attorneys for Citigroup Inc.

                                                                        By:  *S/ Sarah E. Lintecum*
                                                                            Sarah E. Lintecum

                                                                            An Attorney for Plaintiff
                                                                            Bridgeton Landfill, LLC

32397598v.2